IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Countryside Industries, Inc. ) | |
| ) | |
| Plaintiff, ) | **No. 08 CV 3108** |
| v. ) | Judge Manning |
| ) | Magistrate Judge Schenkier |
| ) | |
| Construction & General Laborers' District ) | |
| Council of Chicago and Vicinity; Laborers' ) | |
| International Union Local 118 ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S, COUNTRYSIDE INDUSTRIES, INC., COMPLAINT

**NOW COMES** Defendants, Construction & General Laborers' District Council of Chicago and Vicinity; Laborers' International Union Local 118, by and through its attorneys, Marc M. Pekay, P.C., and hereby answers Plaintiff, Countryside Industries, Inc., Complaint, as follows:

### JURISDICTION AND VENUE

1.      Count I of this Complaint arises and jurisdiction of the Court is founded upon the provisions of Section 303 of the Labor-Management Relations Act, 29 U.S.C. § 187, which invests federal courts with jurisdiction over suits against labor organizations which engage in any activity or conduct, in an industry affecting commerce, defined as an unfair labor practice under 29 U.S.C. §158(b)(4).

**ANSWER:** Defendants admit the allegations in paragraph 1 of the Complaint.

2.      With respect to Count II, the jurisdiction of the Court is founded upon the provisions of 28 U.S.C. § 1367(a).

**ANSWER:** Defendants admit the allegations of paragraph 2 of the Complaint.

### THE PARTIES

3. Countryside is a corporation, incorporated and operating under the laws of the State of Illinois with its principal place of business in Wauconda, Illinois. Countryside is a landscaping business and is signatory to a collective bargaining agreement with Operating Engineers Local 150 / Teamsters Local 703. Countryside annually derives income in excess of $50,000. At all material times, Countryside has been an employer engaged in commerce whose activities affect commerce within the meaning of Section 2(6) and (7) of the National Labor Relations Act ("NLRA"), 29 *V.S.C.* § 152(6)(7).

**ANSWER: Defendants admit that Countryside is an employer engaged in commerce, but lacks information as to the remaining allegations in paragraph 3 of the Complaint and, therefore, denies the remaining allegations.**

4. Construction & General Laborers' District Council of Chicago and Vicinity and Laborers' International Union Local 118 (hereafter, "The Unions") are unincorporated labor organizations within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and Section 303 of the Labor-Management Relations Act, 29 U.S.C. § 187, which represent employees engaged in an industry affecting commerce, and maintain principal places of business and otherwise transact business within the State of Illinois and the Northern District of Illinois. Countrywide has no contract with The Unions.

**ANSWER:   Defendants admit the allegations in paragraph 4 of the Complaint.**

## FACTS

5.   The Arboretum of South Barrington (hereafter "Arboretum") is a commercial development currently being constructed in South Barrington, Illinois.

**ANSWER:   Defendants admit the allegations in paragraph 5 of the Complaint.**

6.   The general contractor for the construction of the Arboretum is Ragnar Benson Construction, LLC (hereafter, "Ragnar Benson").   Ragnar Benson is signatory to a labor agreement with The Unions.

**ANSWER:   Defendants admit the allegations in paragraph 6 of the Complaint.**

7.   In; or about January of 2008, Ragnar Benson entered into a contract

with Countryside for the landscaping work at the Arboretum. (Exhibit A).

**ANSWER: Defendants lack knowledge as to the contract entered into by Ragnar Benson and Countryside and the addendums and, therefore, deny the allegations.**

8. The Unions do not want Countryside performing work the Arboretum, because Countryside has no contract with the Unions.

**ANSWER: Defendants deny the allegations of paragraph 8 of the Complaint.**

9. Beginning in approximately March, 2008, and continuing, The Unions have repeatedly threatened Ragnar Benson and the Arboretum not to contract with or do business with Countryside.

**ANSWER: Defendants deny the allegations in paragraph 9 of the Complaint.**

10. Beginning on Monday, May 19, 2008, The Unions have unlawfully picketed and threatened to picket the Arboretum worksite in order to prevent Ragnar Benson and/or the Arboretum from doing business with Countryside.

**ANSWER: Defendants deny the allegations in paragraph 10 of the Complaint.**

11. At times in May, 2008, as a result of these unlawful threats and pickets, work at the Arboretum has been halted.

**ANSWER: Defendants deny the allegations in paragraph 11 of the Complaint.**

12. As a result of these threats and pickets, Countryside has been unable to perform the landscaping work at the Arboretum, and has suffered substantial monetary damage.

**ANSWER: Defendants deny the allegations in paragraph 12 of the Complaint.**

13. As The Unions continue to unlawfully threaten and unlawfully

picket, Countryside's damages multiply day by day.

**ANSWER:** Defendants deny the allegations in paragraph 13 of the Complaint.

### COUNT I: SECTION 303 VIOLATION

14. Plaintiff incorporates by reference Paragraphs 1 to 13 as if fully restated herein.

**ANSWER:** Defendants incorporate by reference their answers to paragraphs 1-13 of this Complaint.

15. These activities of The Unions, and their duly authorized representatives, agents or employees, are in direct violation of 29 U.S.C. § 158(b)(4), in that such actions were done for the purpose of threatening, coercing, and restraining secondary employers (Ragnar Benson and the Arboretum) with the object of forcing these secondary employers to cease doing business with Countryside.

**ANSWER:** Defendants deny the allegations in paragraph 15 of the Complaint.

### COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT AND/OR PROSPECTIVE ECONOMIC ADVANTAGE

16. Plaintiff incorporates by reference Paragraphs 1 to 13 as if fully restated herein.

**ANSWER:** Defendants incorporate their answers to paragraph 1-13 above.

17. Countryside has or had maintained contractual and business relationships, or valid business expectancies, with Ragnar Benson and the Arboretum.

**ANSWER:** Defendants lack sufficient information to answer paragraph 17 and, therefore, deny the allegations.

18. The Unions, and their duly authorized representatives, agents

4

or employees, had knowledge of Countryside's relationships and expectancies. The Unions targeted Ragnar Benson and the Arboretum because they had relationships with Countryside.

**ANSWER: Defendants deny the allegations in paragraph 18 of the Complaint.**

19. The Unions intentionally interfered, and continue to intentionally interfere, with Countryside's contractual and business relationships, or valid business expectancies, with Ragnar Benson;, the Arboretum, and others.

**ANSWER: Defendants deny the allegations in paragraph 19 of the Complaint.**

20. Countryside has been damaged as a direct result of The Unions' interference in that it has lost significant business and has sustained severe financial losses and loss of standing in its business community.

**ANSWER: Defendants deny the allegations in paragraph 20 of the Complaint.**

21. The Unions acted willfully and maliciously and with wanton and reckless disregard for Countryside's legal rights.

**ANSWER: Defendants deny the allegations in paragraph 21 of the Complaint.**

22. Countryside demands trial by jury.

**ANSWER: Defendants deny the allegations in paragraph 22 of the Complaint.**

            Respectfully Submitted,

            By: s/Marc M. Pekay
              MARC M. PEKAY

MARC M. PEKAY, P.C.
30 N. LaSalle Street
Suite 2426
Chicago, IL 60602
(312) 606-0980