**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COUNTRYSIDE INDUSTRIES, INC. ) <br> ) <br>        Plaintiff, ) <br>    v.                       ) <br> ) <br> ) <br> CONSTRUCTION & GENERAL LABORERS' ) <br> DISTRICT COUNCIL OF CHICAGO AND ) <br> VICINITY; LABORERS' INTERNATIONAL ) <br> UNION LOCAL 118 ) <br> ) <br>        Defendants. ) | **No. 08 CV 3108** <br> Judge Manning <br> Magistrate Judge Schenkier |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO FILE THIRD-PARTY COMPLAINT**

**NOW COMES** Defendants, Laborers' International Union Local 118 and the Construction & General Laborers' District Council of Chicago and Vicinity, by and through its attorneys, Marc M. Pekay, P.C., and hereby Replies to Plaintiff's Opposition to Defendants' Motion to File Third-Party Complaint, as follows:

**I.**     **Rule 15 does not apply to the filing of a Third-Party Complaint.**

Plaintiffs appear to rely on Rule 15 of the Federal Rules of Civil Procedure in their Opposition to Defendants' Motion to File Third – Party Complaint. However, Rule 15 only applies to amendments to pleadings and not the filing of counterclaims which makes Plaintiff's Opposition to the Defendant filing a Third-Party Complaint completely frivolous.

Rule 15 relates to a party filing an amendment to a pleading. In this situation, the Defendants are not filing an amendment to any pleading, but are filing a counterclaim against third parties who are indispensable to this claim. In

fact, the cases cited to by the Plaintiff confirm that there is no merit to this Opposition.

The cases cited to by Plaintiff that a court may deny leave to add an additional claim where such a claim would be futile applies to amendments, not counterclaims. In *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854 (7th Cir. 2001), Plaintiff tried to amend an original complaint. It was denied because of undue delay in filing the motion to amend since it was done after a motion for summary judgment was filed and there was no justifiable reason the amendment could not have been brought closer in time to the filing of the original complaint. *Bethany Pharmacal Co.*, 241 F. 3d at 861-862. In *Rose v. Hartford Underwriters Insurance Co., 203 F.3d 417 (6th Cir. 2000)*, the court found that the district court erred in denying the motion to amend the complaint on the grounds that it was futile and remanded for further proceedings. *Rose, 203 F. 3d at 420 – 42*1. In *Rodriquez v. U.S., 286 F. 3d 972 (7th Cir. 2002)*, Plaintiff tried to amend an original complaint, but was denied on the grounds that it violated the one year statute of limitations. Based on the above, it is clear that the case law does not support the Plaintiff's Opposition to the filing of this Third-Party Complaint.

What is clear is that Rule 14 and Rule 19 the Federal Rules of Civil Procedure dictate when a Defendant may bring in a Third Party. Rule 14 entitled "Third-Party Practice" clearly states that,

> [a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. *Rule 14 of the Federal Rules of Civil Procedure.*

Rule 19 entitled "Joinder of Persons Needed for Just Adjudication", subsection a entitled "Persons To Be Jointed if Feasible", clearly states that,

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties . . . *Rule 19 of the Federal Rules of Civil Procedure*.

Pursuant to Rule 14 and Rule 19 of the Federal Rules of Civil Procedure, it is very clear that the Defendants can join the Third Parties since any liability by the Defendants in this matter was caused by the fraud perpetrated by Ragnar Benson and The Arboretum.

Primary object of rule 14 is to avoid circuity of action and finally to dispose in one litigation of entire subject matter arising from particular set of facts. *Stiber v. United States (1973, ED Pa) 60 FRD 668, 670-671.* Rule 14 is limited to those situations where the very existence of potential liability in the third-party defendant is dependent on the outcome of the main claim. Id at 670. Joinder of third parties must be considered when the claims involve the same group of aggregate of operative facts giving "ground or occasion for judicial action" and the claim involves substantially the same witnesses and evidence. Id. at 671.

Laborers Local 118's third-party lawsuit arises out of the same set of facts as the original lawsuit in this matter. It involves the same parties and the same evidence. It is the argument of the Defendants in this matter, that if Defendant is liable for any damages in this case, it is because of the statements made by Ragnar Benson and The Arboretum. Further, the actions of Ragnar Benson and

3

The Arboretum in conspiring with Countryside to avoid the Collective Bargaining Agreement between the Laborers and Ragnar Benson are what led to the actions of the Defendants in this case. Therefore, Ragnar Benson and the Arboretum are just as liable and therefore, the Defendants should be allowed to join them as third parties in this matter.

**II.     The Third-Party Complaint satisfies the requirements for pleading fraud and conspiracy.**

Even though Local 118 believes that it has a right, as a matter of course, to file the Third-Party Complaint under Federal Rules 14 and 19, Local 118 must also respond to the mischaracterizations and misstatement of law regarding the clear fraud allegations in the Third-Party Complaint. A reading of the proposed Third-Party Complaint sets forth all necessary requirements to prove fraud and conspiracy. This Motion to prevent the filing of the Third-Party Complaint is merely to further of its fraudulent acts and to prevent their co-conspirators from having to defend their actions.

At the outset, Plaintiff claims that "practically all of the material allegations are based on information and belief." This is simply not accurate. Paragraph 10 sets forth that Ragnar Benson secured bids for contractors involving the brick paving (subject matter of this dispute). Paragraph 13 alleges that on March 24, 2008, the Union notified Ragnar Benson that they violated the Collective Bargaining Agreement between Ragnar Benson and the Laborers by subcontracting work to a company that did not have a Collective Bargaining Agreement with the Laborers' Union. Paragraph 14 alleges on April 24, 2008, a

grievance was filed alleging that Ragnar Benson violated the Collective Bargaining Agreement by subcontracting the brick paving to a non-signatory contractor. Paragraph 15 alleges on April 23, 2008, there was a meeting between Ragnar Benson, Countryside and Operating Engineers Local 150. Paragraph 18 asserts (not on information and belief) that following this meeting, a letter was written claiming that there was no subcontract with Ragnar Benson, but rather that the Arboretum had contracted directly with Countryside. It is important to note that in November, it was Ragnar Benson that had secured bids for this work and it was only after the grievance and the threat that it was alleged that Arboretum had a contract with Countryside (These paragraphs are not based on information and belief and identify who was there, when they occurred, what were the issues and their need to determine how to respond to the Laborers' grievance).

While the Plaintiff claims they do not comprehend what constituted fraud, it is the assertion of the Union that there is a serious question of whether or not there was an oral contract between Arboretum and Countryside prior to the grievance being filed and that the entire fraudulent conduct was in alleging a non-existent contract between Countryside and Arboretum. The only issues that are alleged on information or belief, that there was an agreement between Arboretum and Ragnar Benson (the Union would not have access to that document or to this information) along with the contents of what was discussed by Countryside, Ragnar Benson and Operating Engineers at the April 23, 2008, meeting. The Third-Party Complaint identifies when the matters happen, who was present,

5

what was discussed and where the meetings occurred and the action taken after this meeting.

This Court, in a prior matter involving securities law, addressed the issue of the sufficiency of the Complaint based upon information and belief (*Vulcan Golf, et al. v. Google, Inc. 208 U.S. Dist. Lexis, 60608 (N.D. IL. 2008)*). In that case, this Court stated,

> Plaintiffs pleading on the basis of "information and belief" as to certain of his allegations...is not fatal, for there is an exception to the prohibition against "information and belief" averments even with respect to claims governed by Rule 9(b), (as here), "the details are within a defendants' exclusive knowledge and the plaintiff alleges with specificity the basis for the "information and belief" allegations. Amakua Development, 411 F.Supp 2d at 954.

This Court has clearly held, as a matter of law, the Plaintiff's argument regarding the Union relying on information and belief is without any foundation or basis.

In *National City Mortgage Co. v. Mortgage Concepts of Indiana, Inc. 207 U.S. Dist. Lexis, 82615, (N.D. IL. 2007)*, Judge Coar denied a Motion to Dismiss on the issue of both fraud and conspiracy. Judge Coar, in citing some of the cases cited by the Plaintiff, indicates that the Plaintiff must state the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to Plaintiff. Judge Coar concluded that a fraudulent claim survives a Motion to Dismiss where it identifies the person making the misrepresentation, the time, place and content of the misrepresentation and the

method by which the misrepresentation was communicated to the Plaintiff. In this case, the Complaint satisfies those requirements since it identifies the misrepresentation (the letter from Ragnar Benson), the time and place and content of misrepresentation and the method used.

In another case in which Judge Coar again denied the Motion to Dismiss, (*Zion First National Bank v. Paul Green, 207 U.S. Dist. Lexis 85207, (N.D. IL,. 2007*), Judge Coar explains that "[a] complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (Citing *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957*). In that case, Judge Coar explains that all that is necessary are the bare minimum facts to put the defendant on notice of the claim so they can file an answer. Again, he indicates that to satisfy the requirement of fraud, they would have to plead "who, what, where, when and how."

In *Martinez v. Freedom Mortgage Team, Inc., 527 F.Supp 2d 827, 207 U.S. Dist. Lexis 93151 (N.D. IL. 2007)*, Judge Shadur denied a Motion to Dismiss allegations of fraud and conspiracy. Judge Shadur points out that in order to allege a civil conspiracy to commit fraud, you would need:

> (1) a combination of two or more persons (2) for the purpose of accomplishing, by some concerted action, either an unlawful purpose or a lawful purpose by unlawful means, (3) in furtherance of which one of the conspirators committed an overt tortious of unlawful act.

In this case, the Unions have alleged that at a meeting there was a conspiracy between Ragnar Benson, Countryside and the Operating Engineers

7

to conspire to claim that the Arboretum had an oral contract with Countryside for Countryside to do the brick paving to avoid the obligation of Ragnar Benson under its Collective Bargaining Agreement with the Laborers' Union. It is also important to recognize that it was the claim, that Ragnar Benson did not have the contract with Countryside that resulted in the Union picketing Countryside for not paying area standards. As alleged in the Complaint, and as set forth in documents attached to Plaintiff's Motion, Plaintiff then alleged that the picketing was to coerce Ragnar Benson into ceasing doing business with Countryside. How could the picketing coerce Ragnar Benson to cease doing business with Countryside if the contract was with the Arboretum? The allegations in the Complaint to the National Labor Relations Board confirm that Ragnar Benson and Countryside conspired to defraud by claiming Ragnar Benson was not responsible for the brick paving even though they had secured bids for this work. As Judge Shadur stated:

> Rule 9(b) mandates only that the circumstances constituting fraud be stated with particularity. If those circumstances are well and particularly pleaded, it would saddle plaintiffs with an inordinate burden to require that the depth and breadth of the collusion must also be set out in detail.

Based on these statements, the Court denied the Motion to Dismiss.

In another recent case, *American Hardware Manufacturers Association v. Reed Elsevier, Inc.208 U.S. Dist. Lexis, 27836 (N.D. IL. 2008)*, Judge Moran denied a Motion to Dismiss a claim of conspiracy. In that case, Judge Moran stated, "[t]here is a stark difference between legal impossibility and factual deficiencies in a pleading, and the failure to adequately plead fraud directly

against Freeman does not mean that Freeman is legally incapable of committing fraud." The Court went on to state, "participation as co-conspirators in a larger scheme to defraud the Plaintiffs might nevertheless give rise to an action for civil conspiracy against them."

The Union seeks to file a Third-Party Complaint, which identifies who, what, where and when the fraud was made and how it was communicated and the contents of the fraud. Rather than attempting to negate the sufficiency of the Complaint, Countryside has raised some issue of whether there was a sufficient fraud to mislead the Union or that their conduct in reliance on the fraud was accurate. If the Union had not been fraudulently informed that Ragnar Benson did not subcontract work to Countryside then it would not have engaged in conduct which Countryside alleges was taken to coerce Ragnar Benson and to cease doing business with Countryside. The Union could not take action against Ragnar Benson since Ragnar Benson allegedly had no contract with Countryside involving brick paving. In essence, the Unions have adequately plead that this conspiracy was aimed at misleading the Union into believing that Ragnar Benson did not have a contract with Countryside and was not responsible for brick paving even though it had previously sent out and received bids for this work. The timing of the meeting between Ragnar Benson, Countryside and Operating Engineers which occurred one day after the grievance was filed and the fact that the very next day Ragnar Benson and the Arboretum were claiming there was no contract between Ragnar Benson and Countryside raises sufficient questions of fraud and conspiracy to permit the filing of the Third-Party Complaint.

The last argument of the Plaintiff is also nonsensical regarding damages. The Union is not only seeking only legal fees, but, in essence, maintaining that Ragnar Benson and the Arboretum, based on the fraud in this matter, would be responsible for any obligation that the Union would have to Countryside and that but for their fraud and conspiracy, there would be no remedy against the Union. Rule 14 allows a Third-Party action to anyone who may be liable to the Third-Party Plaintiff for all or part of Plaintiff's claim against the Third-Party Plaintiff. As set forth in paragraph 29, the Union seeks indemnification and contribution from Ragnar Benson and the Arboretum.

The Union has clearly satisfied the requirements regarding pleading fraud and conspiracy and Plaintiff's claim that they are insufficient is without any basis.

The Union has shown that not only did Plaintiff file this Motion under an improper section and attempt to deny a Third-Party Complaint under a guise under a Motion to Amend the Complaint, but has ignored the sufficiency of the pleadings.

**WHEREFORE**, Defendants move that they be granted leave to file this Third-Party Complaint.

                              Respectfully Submitted,

                              By: s/Marc M. Pekay
                              MARC M. PEKAY, P.C.

30 N. LaSalle Street
Suite 2426
Chicago, IL 60602
(312) 606-0980